## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TERRY MILLER and MICHAEL ROSE, )
                                )
            Plaintiffs,          )
      v.                         )     No. 4:18CV00340 RLW
                                )
NISSAN NORTH AMERICA, INC.,      )
                                )
            Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on the Rule 12(b)(1) Motion to Dismiss by Defendant

Nissan North America, Inc. (ECF No. 6). Defendant also filed a Motion to Sever and Dismiss

(ECF No. 11), which will be addressed together with the Rule 12(b)(1) motion. This matter is

fully briefed and ready for disposition. Upon review of the motions and related memoranda, the

Court will deny Defendant's motions to sever and dismiss.

## BACKGROUND

According to the First Amended Complaint ("FAC," ECF No. 10) filed by plaintiffs

Miller and Rose (referred to collectively as "Plaintiffs"), each plaintiff purchased a vehicle

manufactured by Defendant from two separate dealerships. Rose purchased a 2013 Infiniti JX35

on or about March 7, 2013, for $53,838.86, including options, fees, taxes, and finance charges.

(*Id.* at ¶¶ 16-17) Miller purchased a 2013 Nissan Pathfinder on or about March 23, 2013, for

$36,030.32, including options, fees, taxes, and finance charges. (*Id.* at ¶¶ 9-10) Each purchase

also included a new vehicle limited warranty providing Defendant would repair powertrain

components, including the transmission, for five years or 60,000 miles, whichever came first.

Plaintiffs allege each vehicle started exhibiting similar problems since the time of

purchase. (*Id.* at ¶¶ 13, 19) Each plaintiff attempted to have their respective dealerships conduct

repairs on their vehicles; however, the dealerships allegedly said no repairs would be attempted as the vehicles did not exhibit the problems when each plaintiff complained. (*Id.* at ¶¶ 14, 20)

Plaintiffs' FAC alleges the type of transmission in both vehicles contains a defect that causes the problems they have been experiencing, including unexpectedly shaking and hesitating when attempting to accelerate. (*Id.* at ¶ 22) They claim Defendant became aware of this defect and began reprogramming the control modules in affected vehicles with updated software. (*Id.* at ¶ 24) In addition, Plaintiffs assert Defendant notified authorized dealerships of the defect two months prior to the purchase of their vehicles and provided instructions on how to reprogram the control modules in vehicles with the affected type of transmission. (*Id.* at ¶ 25) Plaintiffs maintain the problems caused by their faulty transmissions persist and Defendant has failed to remedy the defect.

On February 28, 2018, Plaintiffs filed their first Complaint (ECF No. 1) against Defendant alleging violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)(1), and other state claims for breach of express and implied warranties and violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010.[1] Under the MMWA, a consumer harmed by the failure of a supplier or warrantor to comply with a written or implied warranty has a federal cause of action if the amount in controversy is at least $50,000 not including interests and costs. 15 U.S.C. at § 2310(d)(3)(B).

Defendant filed a Rule 12(b)(1) Motion to Dismiss (ECF No. 6) on March 29, arguing the Court lacks subject matter jurisdiction over this case because Plaintiffs had not established the amount in controversy requirement of the MMWA and improperly joined their claims in an

---

[1] There was also a class action in the Southern District of Florida brought by owners of the same models of vehicles owned by Plaintiffs against Defendant alleging the same defect and alleging breach of the same new vehicle limited warranty. *Batista v. Nissan N. Am., Inc.*, No. 1:14-cv-24728 (S.D. Fla. Oct. 25, 2016). The class action settled; Plaintiffs, however, opted out of the settlement as they believe the agreement did not provide them with complete relief. (ECF No. 13 at p. 2)

attempt to satisfy it.[2] Plaintiffs then filed their FAC on April 24, which included specific allegations asserting the purchase price of both vehicles (ECF No. 10 at ¶ 10, 17) and claimed "[t]he legal fees in this matter are likely to equal or exceed $50,000.00." (ECF No. 10 at ¶ 11) Further, the FAC added an assertion of diversity jurisdiction pursuant to 28 U.S.C. § 1332 claiming complete diversity between the parties and an amount in controversy exceeding $75,000. (*Id.* at ¶ 3) Defendant then filed a Motion to Sever and Dismiss (ECF No. 11) and accompanying Memorandum in Support on May 9, arguing the Court should sever the case because Miller has failed to establish his claim meets the amount in controversy requirement for the MMWA. (ECF No. 12)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). In ruling on a motion to dismiss, the Court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (quoting *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008)). "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *OnePoint*

___

[2] Plaintiffs' first Complaint alleged more than $50,000 in damages (ECF No. at ¶ 3) but failed to allege specific dollar amounts for each plaintiff's claim. Defendant's Memorandum of Law in Support of Its Rule 12(b)(1) Motion cites to the manufacturer's suggested retail price ("MSRP") for each vehicle and notes the suggested range for each vehicle is below $50,000. (ECF No. 7) Plaintiffs then filed their FAC, which included the actual purchase prices of each vehicle. (ECF No. 10 at ¶ 10, 17)

3

*Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (alteration in original) (quoting *Larkin v. Brown,* 41 F.3d 387, 388 (8th Cir. 1994)).

## DISCUSSION

Defendant argues the Court lacks subject matter jurisdiction because Plaintiffs have misjoined their claims and, accordingly, failed to establish the amount-in-controversy requirement for either diversity jurisdiction under 28 U.S.C. § 1332(a) or federal question jurisdiction under the MMWA. Plaintiffs contend they have properly joined their claims in one action and their combined damages exceed the jurisdictional amount-in-controversy for both diversity jurisdiction and under the MMWA.

Pursuant to Federal Rule of Civil Procedure 20(a), plaintiffs may join in one action if their right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Courts generally apply this test on a case by case basis. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (citing 7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972)). "Absolute identity of all events is unnecessary" in order for reasonably related claims to be tried in a single proceeding. *Id.*

When the two parties to an action are citizens of different states, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Both Miller and Rose are citizens of Missouri and Defendant's principal place of business is in Tennessee. Additionally,

Plaintiffs contend their combined actual damages, in addition to requested punitive damages and attorneys' fees, satisfy the amount-in-controversy requirement 28 U.S.C. § 1332(a).

The MMWA provides a federal cause of action to consumers harmed by the failure of a supplier or warrantor to comply with a written or implied warranty, subject to limitations.

15 U.S.C. § 2310(d)(1)(B).

> No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

*Id.* § 2310(d)(3).

In *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 251 (2d Cir. 1986), the Second Circuit held that 75 plaintiffs should have been permitted to join their claims under the MMWA. The district court found the claims did not arise out of the same transaction or occurrence and declined to permit joinder because not all vehicles suffered the same defects and the mileage at which point repairs were needed varied greatly. *Id.* The Second Circuit disagreed, holding that it was an abuse of discretion for the district court to refuse to permit joinder of the claims. *Id.* Because all plaintiffs had purchased the same model of vehicle and alleged the same single defect caused their damages, the Second Circuit held they satisfied Rule 20(a)'s requirement of a series of logically related transactions. *Id.*

The Court finds the reasoning in *Abraham* persuasive. Unlike the plaintiffs in *Abraham* who all purchased the same model of vehicle (Volkswagen Rabbit), Plaintiffs in this case each

purchased different models of vehicles (Rose purchased a 2013 Infiniti JX35 and Miller purchased a 2013 Nissan Pathfinder). The crux of the Second Circuit's conclusion, however, was that the plaintiffs alleged the *same defect* caused their damage. *Id.* ("All plaintiffs now allege as the basis for their claims the purchase of a Volkswagen Rabbit with a valve stem seal made of defective material that will cause it to harden and break over time. We think that amply satisfies the requirement of a series of logically related transactions."); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (holding that the plaintiffs could not join their claims, in part, because they had not alleged a common defect caused the problems with their vehicles); *Lindy v. Jim Ray, Inc.*, Civ. No. 05-2171, 2006 WL 1805963, at *2 (W.D. Ark. June 29, 2006) (finding fraud claims related to separate vehicle sales were not properly joined as the plaintiffs alleged different combinations of various fraudulent techniques too attenuated to be considered part of the "'same' series of transactions"). Plaintiffs in this case have likewise alleged the same defect affected their transmissions and caused their damage and are alleging breach of the same new vehicle limited warranty. The Court, therefore, concludes such a common defect and warranty is sufficient for Plaintiffs to meet the same transaction or occurrence test for permissive joinder pursuant to Rule 20(a).

Because the Court finds Plaintiffs have properly joined their claims for purposes of Rule 20(a), the next issue is whether Plaintiffs meet the amount in controversy requirements for both diversity jurisdiction and the MMWA. As explained above, 28 U.S.C. § 1332(a) requires the amount in controversy in a case exceed $75,000 to invoke federal diversity jurisdiction. The MMWA, on the other hand, mandates consumers allege at least $50,000, "exclusive of interests and costs." 15 U.S.C. § 2310(d)(3)(B). Plaintiffs' combined actual damages alone total

$89,869.18.[3] Consequently, the Court has jurisdiction pursuant to both 28 U.S.C. § 1332(a) and the MMWA.

An additional issue in this case concerns the applicably of Missouri's four-year statute of limitations for breach of sales contracts. Mo. Rev. Stat. § 400.2-725(a). That issue, however, is not properly before the Court at this time, and the parties can address the issue fully in later filings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Rule 12(b)(1) Motion to Dismiss (ECF No. 6) and Motion to Sever and Dismiss (ECF No. 11) are **DENIED**.

Dated this 4th day of September, 2018.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[3] Rose purchased his vehicle for a total of $53,838.86 (ECF No. 10 at ¶ 17), and Miller purchased his vehicle for a total of $36,030.32. (*Id.* at ¶ 10) Their combined actual damages total $89,869.18. Plaintiffs attempt to include potential legal fees "likely to equal or exceed $50,000.00" and $250,000.00 in punitive damages in their calculation of the amount in controversy. (ECF No. 10 at pp. 2, 10) With regard to legal fees, the MMWA explicitly provides the $50,000 amount-in-controversy requirement is "exclusive of interests and costs." 15 U.S.C. § 2310(d)(3)(B). Accordingly, potential legal fees are not included. Punitive damages, on the other hand, "are recoverable under the MMWA for breach of warranty only if they may be recovered in a breach of warranty action brought under the governing state law." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984). The parties have not briefed the issue whether Missouri law would provide for punitive damages in such a breach of warranty claim. Because Plaintiffs' actual damages exceed the jurisdictional amount-in-controversy requirement for both 28 U.S.C. § 1332(a) and the MMWA, the Court need not address this issue at this point.